UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD HALE | CIVIL ACTION |
| VERSUS | NO. 25-0318 |
| WARDEN FLEISCHMAN, ET AL. | SECTION "E" (2) |

**FINDINGS AND RECOMMENDATION**

Plaintiff Donald Hale filed this *pro se* and *in forma pauperis* prisoner civil rights complaint under 42 U.S.C. § 1983 against defendants Warden Fleischman, Cpl. J. Smith, and Deputy Reed pertaining to the conditions of his confinement. ECF No. 3, at 4. As part of the court's statutorily required frivolousness review pursuant to 28 U.S.C. § 1915, § 1915A, I issued an order on March 19, 2025, requiring Hale to provide more specific information related to his § 1983 claims with a response date of April 21, 2025. ECF No. 6. The order was mailed by the clerk of court to Hale at his address of record in the St. Tammany Parish Jail. As of the date of this recommendation, no response has been received. It appears that Plaintiff has moved and failed to notify the Clerk of Court of his current address.[1]

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of a plaintiff to prosecute or comply with any order of the court.[2] In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to

---

[1] On April 2, 2025, the clerk of court docketed a returned envelope marked "Mail Returned as Undeliverable," with "Return to Sender No Longer Here" written on the envelope. ECF No. 7. The returned envelope contained the court's March 19, 2025, response order. ECF No. 6. Additionally, the clerk of court docketed two returned envelopes marked "Mail Returned as Undeliverable" on April 7, 2025. ECF Nos. 8, 9. The envelopes contained the Court's Pauper Order directing prisoner payment. ECF No. 5.
[2] *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F. 2d 744, 749 (5th Cir. 1987).

comply with the court's order.[3] Because plaintiff is proceeding *pro se*, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[4] A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[5]

All litigants are obligated to keep the court advised of any address change.[6] In addition, the complaint form used by Hale to institute this action contains the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[7] "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."[8]

Hale has not contacted the court or provided a current address since his release or transfer. His failure to comply with the court's rules and orders has created delay in the court's ability to efficiently manage the case. This delay is caused by and attributable to Hale himself, justifying dismissal of his claims within the complaint for failure to prosecute.[9]

In a final effort to provide Hale with an opportunity to show cause why his claims should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States

---

[3] *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986).
[4] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[5] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.
[6] *See* EDLA Local Rules 11.1 and 41.3.1.
[7] ECF No. 3, ¶VI(2), at 5 (Plaintiff's Declaration).
[8] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).
[9] *See Torns v. State of Miss. Dept. of Corrs.*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Mgt. Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).

District Judge. Hale is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report. It is suggested to Hale that any objection should contain a short summary of the reasons why he failed to comply with the court's previous orders. Hale is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Hale also is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[10]

## RECOMMENDATION

It is **RECOMMENDED** that plaintiff Donald Hale's 42 U.S.C. § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

New Orleans, Louisiana, this __30th__ day of April, 2025.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[10] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).